# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| QUORDALIS V. SANDERS,<br><br>                             Plaintiff,<br>v.<br><br>CINDY O'DONNELL, BRAD HOMP, BRIAN FOSTER, T. MOON, G. LOOMAS, JENNFIER FELDER, and JASON JACKSON,<br><br>                            Defendants. | Case No. 19-CV-437-JPS<br><br>**ORDER** |

On March 26, 2019, the plaintiff, Quordalis V. Sanders ("Sanders"), filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. (Docket #1). He complains that the defendants denied him a legal loan to mail documents concerning his criminal appeal to a legal non-profit and a local firm. *Id.* at 3–4. He believes this conduct violated his right to access the courts. *Id.* at 5. Along with his complaint, Sanders filed a motion for leave to proceed *in forma pauperis*, meaning without prepayment of the full filing fee. (Docket #2).

Sanders' request to proceed *in forma pauperis* must be denied. Under the Prison Litigation Reform Act ("PLRA"), a prisoner who has filed three or more lawsuits or appeals that have been dismissed as frivolous, malicious, or for failure to state a claim—in other words, a prisoner who has incurred three "strikes"—is prohibited from bringing any other action without prepayment of the *full* civil case filing fee. *Id.* at 1 (citing 28 U.S.C. § 1915(g)). The PLRA

three-strike rule has a limited exception for prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

On June 27, 2003, the Seventh Circuit Court of Appeals gave Sanders his third strike. *Sanders v. Bertrand*, 72 F. App'x 442, 445 (7th Cir. 2003) ("Because this appeal is frivolous, Sanders has incurred his third strike under 28 U.S.C. § 1915(g)."). In light of this, Sanders is prohibited from proceeding *in forma pauperis* unless his complaint involves allegations of imminent danger of serious physical injury.

Knowing this to be true, Sanders attempts to invoke the exception to the three-strike rule by including a sentence at the end of his complaint that reads: "Plaintiff also requests that the Court find that Defendants' illegal action, at all time, places [Sanders] within imminent danger to suffer irreparable injuries and harm." (Docket #1 at 7). But an end-run around the three-strike rule isn't so easy. The allegations of Plaintiff's complaint include not a whisper of any risk of physical injury. Merely saying so in a concluding sentence does not suffice. To meet the imminent danger requirement of Section 1915(g), the prisoner must plausibly allege that he is exposed to a threat that is real and proximate, and the potential consequence of the threat is serious physical injury. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Sanders has not done that. His request to proceed *in forma pauperis* will be denied.

In order to proceed with this action, Sanders must pay the full civil filing fee on or before **fourteen (14) days from the entry of this Order**. If he fails to pay the full fee by that date, this case will be dismissed without further notice. *See* Civil L. R. 41(c).

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the plaintiff pay the full $400.00 civil filing fee no later than **fourteen (14) days from the entry of this Order,** or this action will be dismissed without prejudice.

Dated at Milwaukee, Wisconsin, this 4th day of April, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge